## COLLINS, GRAYSON & COMPANY *v.* SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY.

1. Where a consignee without possession of a bill of lading obtains possession of goods by giving the carrier a bond to indemnify it against loss, in a suit on the bond it would be necessary to prove that the carrier had paid a proper amount to the proper person presenting the bill of lading.
2. If in such a suit it appeared that the obligee in the bond had yielded to an · improper demand or paid more than the value of the goods to a preceding carrier who was not liable for the misdelivery, the obligee would not be liable for the amount thus improperly paid.
3. But where the holder of the bill of lading made demand for the value of the goods on a preceding carrier, and the latter thereupon made demand upon the delivering carrier, and these facts were communicated to the obligors in the indemnifying bond, and they yielded thereto and paid the money to the delivering carrier to indemnify it against the claim, the money thus paid was the property of the obligee, and not the money of the holder of the bill of lading.
4. On the admitted facts, the garnishee had in its possession no money, property, or effects belonging to the holder of the bill of lading, nor was it indebted to him.

Argued March 10, — Decided March 27, 1905.

Garnishment.    Before Judge Norwood.    City court of Savannah. December 16, 1904.

Collins, Grayson & Company began suit by attachment against E. F. Blackford as a non-resident.    Summons of garnishment was served upon the Savannah, Florida and Western Railway Company.    It answered that it was not indebted, and had no money, property, or effects in its possession belonging to Blackford.    The answer was traversed.    The case was submitted to the judge without the intervention of a jury, and upon an agreed statement

of facts, from which it appeared, that on October 3, 1900, E. F. Blackford shipped from Adams Basin, New York, a car-load of apples by rail to Savannah, Georgia, and received from the initial carrier, the New York Central and Hudson River Railroad Company, a through bill of lading which stated that the apples were shipped to Savannah, Georgia, consigned to the "order of E. F. Blackford, notify Collins, Grayson & Company." The apples were transported to Savannah, Georgia, by the Pennsylvania Railroad Company and other railroad companies, upon a through rate charge made by the initial carrier. The apples were brought to Savannah by the garnishee, which was the last carrier, and by it delivered to the plaintiffs, upon their request, not upon the order of Blackford and not upon the surrender of the bill of lading, but upon the giving of a bond by the plaintiffs to the garnishee, wherein they covenanted to hold it harmless from any loss or damage accruing to it by reason of the delivery of the apples to them without the order of Blackford and without the surrender of the bill of lading. The original bill of lading, properly indorsed by Blackford to the order of the plaintiffs, with a draft of Blackford upon the plaintiffs for $113.36, the value of the apples, was presented to the plaintiffs by a bank in Savannah, and, the draft being unpaid, the bill of lading and the draft were returned to Blackford, who thereupon made claim in New York upon the Pennsylvania Railroad Company for $113.36, the value of the apples, claiming that this value had been lost to him by reason of the delivery by the garnishee to the plaintiffs without his order and without the surrender of the bill of lading. The Pennsylvania Railroad Company in turn made claim on the garnishee company, and this company thereupon notified the plaintiffs thereof, and required them to indemnify it against loss, as stipulated in the bond. The plaintiffs then paid to the garnishee $113.36, and it returned the bond to the plaintiffs. Immediately after this payment was made the summons of garnishment was issued. On September 3, 1901, Blackford brought suit, in New York, against the Pennsylvania Railroad Company, for the value of the apples, $113.36, besides interest and cost. The defendant to that suit advised the garnishee in the present case that suit had been brought against it, and in June, 1902, the present garnishee paid to the Pennsylvania Company $113.36 as the value of

the apples, and $16.50 as court costs, for which the Pennsylvania Company was liable on account of the suit against it.

The bill of lading provided that no carrier should be liable for loss or damages not occurring on its own line, and that if the word "order" were written thereon immediately before or after the name of the party to whose order the property was consigned, the surrender of the bill of lading properly indorsed should be required by the deliverer of property at destination. The plaintiffs introduced evidence to the effect that under the laws of New York, "in the absence of fraud, concealment, or improper practice, the party receiving a bill of lading is presumed to have assented to all its stipulations, not unusual and unreasonable, limiting its common-law liability as a carrier." On the bill of lading it appeared that the goods were routed " via. A. C. D. and Central Ry. of Ga." The garnishee was not named on the bill of lading as one of the connecting carriers. It does not appear how the car came into its possession. The judge found in favor of the garnishee and against the traverse. The plaintiffs excepted.

*Osborne & Lawrence*, for plaintiffs.

*W. L. Clay* and *Shelby Myrick*, contra.

LAMAR, J. (After stating the foregoing facts.) It may be that in view of the terms of the bill of lading and the law of New York, where it was issued, each carrier was responsible only for its own acts, and that for this reason Blackford may not have had a good cause of action against the Pennsylvania Railroad Company for a conversion by a Georgia railway company. If, yielding to an improper demand, the Savannah, Florida & Western Railway Company had paid the money and sued on the bond for indemnity, it could not have recovered. In an action on the bond it would have been necessary to prove that it had paid the proper amount to the person holding the bill of lading. But Collins, Grayson & Company dispensed with the necessity of a suit on the bond. They knew that the Pennsylvania Company had made a demand upon the Savannah, Florida & Western Company for $113.36. They knew that the Savannah, Florida & Western Company treated this as a valid claim; that the payment thereof would be damage or harm to it against which the bond was given as indemnity. When, therefore, Collins, Grayson & Company yielded to the Savannah, Florida & Western Company's demand, and paid

over the amount called for by the indemnifying bond, the money was in satisfaction of a debt due from Collins, Grayson & Company to the Savannah, Florida & Western Company.    It was a voluntary payment.    It was not paid as money due to Blackford, but as money due the Savannah, Florida & Western Company.  It was paid with the expectation that it should be held, not as the money of Blackford, but in satisfaction of what the Savannah, Florida & Western Company and Collins, Grayson & Company both treated as a valid claim by the Pennsylvania Company.    In no sense was the $113.36 money in the hands of the Savannah, Florida & Western Company belonging to Blackford.    Nor was the Savannah, Florida & Western Company in possession of any property belonging to Blackford.    The apples had been delivered to the plaintiffs at their request, and therefore could not be considered as property in the possession of the garnishee.    Blackford might have had a cause of action against the Savannah, Florida & Western Company for the conversion.    But he brought no such claim.    Instead thereof he instituted an action against one of the former connecting carriers, which paid him the amount of his recovery.    Blackford having been paid for the value of his property, the equitable interest in the bill of lading vested in the Pennsylvania Company.    Its interest thereunder was satisfied when the Savannah, Florida & Western Company paid the amount of its claim.    On the admitted facts the court properly sustained the answer of the garnishee, and overruled the traverse.

*Judgment affirmed.    All the Justices concur.*