## Missouri Pacific Railroad Company, Appellant, v. Sonken-Galamba Corporation, Respondent.

### Kansas City Court of Appeals.   June 15, 1925.

**1.—Contracts—Construction—Component Parts Taken Together and Construed in Relation to Each Other to Arrive at True Intent.** In the construction of a contract, its component parts must be taken together and construed in the relation these parts bear to each other, thus arriving at its true intent and meaning.

**2.—Same—Indemnity—Agreement of Defendant to Indemnify Railroad Against Liability for Fire Occurring on Its Premises, Held to Indemnify Only Where Plaintiff Was Legally Liable and Not to Cover Voluntary Payment.** In an action by railroad against company for which private track was constructed, to recover sum paid by plaintiff to foreign railroads on account of destruction of freight cars on such private track by fire originating from an unknown cause, which also destroyed plant of defendant, provision in track agreement whereby defendant agreed to indemnify plaintiff against all liability for fire happening upon the premises, **held** an agreement of indemnity only for loss for which plaintiff could be legally liable to owner of destroyed cars and not to apply to situation in which plaintiff paid under provisions of Rule 113 of American Railway Association, which provided that settlement for cars destroyed upon a private track shall be assumed by railway company delivering car, such rule being not a contract but mere regulation for convenience and does not establish liability.

**3.—Bailment—Negligence—Bailee for Hire Not Liable for Destruction of Property in His Possession in Absence of Negligence.** Bailee for hire is not liable for destructoin of property while in his possession, in the absence of negligence of bailee.

---

*Corpus Juris-Cyc. References: Bailments, 6CJ, p. 1121, n. 63, 68; p. 1123, n. 70. Contracts, 13CJ, p. 525, n. 41, 42; p. 527, n. 43, 44, 45. Indemnify, 31CJ, p. 416, n. 42, 47, 50. Indemnity, 31CJ, p. 430, n. 89.

Appeal from Circuit Court of Jackson County.—Hon. O. A. Lucas, Judge.

Affirmed.

*Hackney & Welch* for appellant.

*Ringolsky, Friedman & Boatright* for respondent.

ARNOLD, J.—This is a suit to recover the sum of $3972.88 paid by plaintiff to foreign railroads on account of the destruction by fire of three freight cars at the industrial plant of defendant in Kansas City, Kans.

The facts disclosed by the record are that on March 5, 1909, the Missouri Pacific and the Kansas City Southern Railway Companies entered into an industry track agreement with Leon J. Cohen, doing business as L. J. Cohen & Co. of Kansas City, Kansas, for the construction of a track at the plant afterwards owned ·and occupied by the defendant, Sonken-Galamba Corporation. This agreement provided, among other things:

"Sec. 11. The said second party hereby releases and agrees to indemnify and hold the railway company harmless from and against all liability or claim for loss and damage by fire, which may happen upon or be done to or upon the buildings, premises and property of the party of the second part, or to the property of any other persons or corporations, now or hereafter, on the premises of the party of the second part, and whether inside or outside of said buildings, caused by fire sparks or burning coals from any locomotive when operated upon said track, or by fire otherwise happening howsoever, except when due to carelessness or negligence on part of employees of the railway company."

And section 15 provided: "All of the covenants and provisions of this agreement shall be binding upon the legal representatives, successors and assigns of the second party to the same extent and effect as they are binding upon the second party, and each and every covenant herein shall inure in favor of and run to the successors and assigns of the railway company. The words 'second party' wherever used herein shall be held to include each person or corporation mentioned in the title as party of the second part."

On February 29, 1921, there was an assumption agreement entered into between the Sonken-Galamba Iron & Metal Co., L. J. Cohen & Co., the Missouri Pacific Railway Co., and the Kansas City Southern Railway Co., wherein it was recited that for value received Cohen & Co. sold, assigned and transferred to the Sonken-Galamba Company all its right, title and interest in and to the industry track agreement of date March 5, 1909, providing for the construction and operation of a spur track, four hundred and thirty-five feet in length to serve the scrap iron yards of said Cohen & Co., located on the west side of 2nd street, immediately north of the Armour tract of land in Kansas City, Kansas. The railway companies for a consideration therein stated agreed to such sale and assignment. The Sonken-Galamba Iron & Metal Co. on its part agreed faithfully to keep and perform all promises, covenants and agreements of Cohen & Co., in said agreement of March 5, 1909, and to be bound by all the terms and conditions thereof in the same manner and to the same effect as if Sonken-Galamba Iron & Metal Co. had been the original party contracting therein. It is admitted that the Sonken-Galamba Iron & Metal Com-

pany changed its name to Sonken-Galamba Corporation. The spur track was built in accordance with said agreement.

It is of record that on or about the 19th day of March, 1921, a fire originating from an unknown cause on property adjacent to the scrap iron plant of defendant was communicated to said plant which was destroyed and with it, three freight cars belonging to foreign railroads which had been placed upon the spur track for defendant's use in unloading and loading freight. The said cars had been placed upon said track by plaintiff in the regular course of business. The cars belonged respectively to the N. Y. Central, the Galveston, Harrisburg and San Antonio, and the Ft. Dodge, Des Moines and Southern R. R. Companies, and for them plaintiff was paying a rental of $1 per day. There was a total valuation of $4647.90 placed upon the three cars so destroyed which plaintiff is alleged to have paid to the respective owners. The cars were salvaged after the fire and the sum of $675.02 was realized by plaintiff thereon, and this action is to recover the sum of $3972.88 which plaintiff alleges to be due under the terms of article 11 of the industry track agreement.

The petition sets forth the matters stated above and in addition alleges plaintiff's liability to the owners of the cars so destroyed by fire under the provisions of Rule 113 of the American Railway Association rules, as follows:

"Rule 113. For the mutual advantage of railway companies interested, the settlement for a car owned or controlled by a railway company, when damaged or destroyed upon a private track, shall be assumed by the railway company delivering the car upon such tracks."

There was also introduced in evidence Rule 1 of said Association which reads as follows: "The rate for the use of freight cars shall be one dollar per day which shall be paid for every calendar day and shall be known as the *per diem* rate."

Defendant's answer is a general denial. By agreement the cause was tried to the court without the aid of a jury. Plaintiff's evidence was chiefly documentary, consisting of the various contracts, agreements, etc., as follows: (1) Industrial track agreement of December 1909; (2) contract of assumption of Sonken-Galamba, February 29, 1912; (3) letter of demand of plaintiff's agent to defendant June 2, 1921, with bill enclosed; (4) letter of defendant of September 7, 1921, to plaintiff's agent, refusing payment; (5) testimony of C. H. Lembke identifying the various documents; (7) vouchers showing payment of the three claims for the cars destroyed.

In the progress of the trial it was admitted that the fire which destroyed the cars did not originate from any locomotive of plaintiff Railway Company and did not originate from any design or intentional negligence of defendant. It was also agreed that the Missouri Pacific Railway Company brought the cars into defendant's

plant loaded, and that they were left there to be loaded and were being reloaded at the time of the fire, for the Missouri Pacific Railway Co. to pull out. At the close of the plaintiff's evidence, plaintiff requested the court to give the following declaration of law:

"The court declares the law to be that the foreign line cars described by the evidence as having been delivered to the defendant prior to the fire and for which the plaintiff was, under Rule 113 of the American Railway Association, liable to the several owners for their loss or destruction, were within the indemnity provisions of the industry contract."

This declaration was refused and plaintiff saved its exceptions. No other declarations of law were asked and none were given. The court found for defendant and after motion for new trial was overruled plaintiff appealed.

There is no dispute as to the facts of the case and the appeal hinges upon the proper construction of section 11 of the industrial track agreement in connection with Rule 113 of the American Railway Association, both of which are quoted above.

It is charged the court erred in refusing the declaration of law to the effect that the foreign line cars in question were covered by the indemnity provisions of section 11 of the industry track agreement. It is also charged that under the facts plaintiff was entitled to recover and that the trial court erred in refusing to render judgment for plaintiff and in rendering judgment for defendant. These assignments represent plaintiff's contentions in the case and they may be considered together in our discussion.

It is defendant's position that the indemnity provisions of section 11, of the industry track agreement do not render defendant liable for the loss of the cars in question. The determination of the appeal therefore lies in the proper interpretation to be placed upon said section of the industry track agreement, and it may aid in analyzing the same to quote again the pertinent clause which reads:

"The second party hereby releases and agrees to indemnify and hold the railway company harmless from and against all liability for loss and damage by fire, which may happen upon or be done to or upon the buildings, premises and property of the party of the second part, or to the property of any other persons or corporations, now or hereafter on the premises of the party of the second part, and whether inside or outside of said buildings, caused by fire sparks or burning coals from any locomotive when operated upon said track, or by fire otherwise happening howsoever, except when due to carelessness or negligence of the railway company."

It is the rule that in the construction of a contract its component parts must be taken together and construed in the relation these parts bear to each other, thus arriving at its true intent and meaning. [13

C. J., sec. 486, p. 527; Webb v. Ins. Co., 134 Mo. App. 576; Milliken v. Thyson Com. Co., 202 Mo. 637.] The word 'indemnify' used in the quotation above must be considered only in its generally accepted sense. Bouvier's Law Dictionary defines the word: "To secure or save harmless against loss or damage, of a specified character, which may happen in the future." "To compensate or reimburse one for a loss previously incurred. [L. R. 14 Eq. 479. See Weller v. Eames, 15 Minn. 467 (Gil. 376), 2 Am. Rep. 150.]" It has been held that "to indemnify" is synonomous with "to save harmless." [Brentnal v. Holmes, 1 Root (Conn.) 292, 1 Am. Dec. 44.]

We cannot construe said section 11 to mean other than that defendants agreed to indemnify plaintiff only for money paid the owners of the cars, in case plaintiff is legally liable therefor. In other words the indemnity attaches only where plaintiff would be liable to the owner of the property for its destruction by fire while on the premises of defendant; and that defendant would hold plaintiff harmless for any such loss for which plaintiff would be liable as a matter of law. This we hold to be the meaning of the indemnity contract herein. This court held and the rule is well settled that an indemnitee cannot recover beyond the terms of the indemnity contract, and that a voluntary payment made by the indemnitee, without regard to its legal liability is not recoverable thereunder. [National Surety Co. v. Roth, 208 Mo. App. 277, 232 S. W. 737, and cases therein cited.]

The general rule is stated in 31 C. J. 430: "An indemnity against losses does not cover losses for which the indemnitee is not liable to a third person, and for which he improperly pays." We hold therefore that plaintiff, under the terms of the indemnity contract in evidence, can only recover for loss for which he is shown to be legally liable.

Plaintiff undertakes to meet this situation by claiming that it was liable for the destruction of the cars under the provisions of Rule 113 of the American Railway Association above quoted. It is urged that this rule, in effect, is a contract between the members of the Association, and each is thereby obligated to reimburse the other for cars destroyed or damaged while under control of another member of the Association. Whether this rule arises to the dignity of a contract is not material, in our view. If it were a binding contract, there would yet remain the question of a legal liability attaching. It cannot be rightfully claimed, we think, that the owner of the destroyed cars should be reimbursed willy nilly for the loss of the cars, unless legal liability be shown. The rule does not impose a blanket liability on the railway company placing the cars on the track, or increase the liability which the rules of law impose.

We agree with defendant that Rule 113 is not a contract but merely a regulation for the convenience of the companies in making settlement for the loss. The rule does not establish the liability. All that defendant was undertaking to do was to save harmless the plaintiff against loss growing out of its legal liability as established by law, and not for any liability voluntarily assumed by plaintiff. [National Surety Co. v. Roth, supra, and cases therein cited; Collins v. Ry. Co., 122 Ga. 655, 50 S. E. 477; Simmons v. Gregory, 120 Ky. 116, 85 S. W. 751; Franch v. Nix, 143 N. Y. 90, 37 N. E. 612; Terry v. Richmond, 94 Va. 537, 27 S. E. 429.]

The testimony shows and in fact it is admitted that the cars were destroyed while in the hands of plaintiff as a bailee for hire. It is the rule that a bailee is not liable for the destruction of the property while in his possession, in the absence of negligence of the bailee. There is no claim that the loss of the cars in question was due to any negligence on the part of plaintiff. The rule announced in Link v. Hathaway, 143 Mo. App. 502, 514, 127 S. W. 913, applies to this situation:

"The general rule is, if property, while in the possession of the bailee or tenant, is destroyed by flood, wind or fire, without negligence on the part of the tenant or bailee, the latter is not liable to the owner for the loss. It is equally as well settled in this State that although the lease or contract contains a covenant or agreement to return in good condition at the end of the term, that a destruction of the premises or property by fire without fault on the part of the tenant will release the tenant from his obligation to return." [See, also, McEvars v. Steamboat Co., 22 Mo. 187; Electrical Co. v. Com. Co., 166 Mo. App. 332; Levi & Co. v. Railroad Co., 157 Mo. App. 536, 138 S. W. 699.] Plaintiff insists that a bailee's ordinary liability may be extended by contract. That may be readily conceded, but still there remains the fact, as we have held above, that Rule 113 may not be construed as a contract extending the ordinary liability of the bailee. Plaintiff's citations do not change the well established rule on this point.

Failing to find reversible error of record, the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.