**ENCHANTED HILLS, INC.,**
**Plaintiff/Appellant,**

v.

**Phyllis MEDLIN and James Medlin,**
**Defendants/Respondents.**

No. 65984.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 20, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1995.

Application to Transfer Denied
March 21, 1995.

David T. Butsch, St. Louis, for appellant.

Daniel T. Rabbitt, Jr., Matthew J. Sauter, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Enchanted Hills, Inc., appeals from an order granting respondents', Phyllis and James Medlin's, motion to dismiss entered by the Circuit Court of Franklin County. We reverse and remand.

Respondents entered a lease agreement with appellant on April 24, 1989, for the lease of property referred to as "The Office Tavern". The property was destroyed in a fire

on December 25, 1989. After an investigation, it was determined the fire began "in and around the area of the furnace."

Appellant filed a two-count petition[1] against respondents on February 8, 1991. Count I alleged a breach of contract in that respondents failed to maintain the electric furnace in good repair as was required by the lease. Count II alleged negligence on the part of the respondents in "(a) allowing a fire hazard to exist on the premises in the area of the furnace; [and] (b) failing to properly maintain and repair the electric furnace."

A first amended petition was filed on June 5, 1991, still sounding in breach of contract and negligence. On August 6, 1992, respondents filed a motion for summary judgment. While that motion was pending before the court, a second amended petition was filed on September 8, 1992, adding a third count alleging waste. Respondents' motion for summary judgment as to Counts I and II of the first amended petition was granted on December 10, 1992.

Subsequent to appellant's second amended petition, respondents filed a motion to dismiss relative to the third count alleging waste on November 24, 1992. Appellant, too, filed a motion requesting partial summary judgment on Count I of its second amended petition. Both motions were heard on March 22, 1993. Appellant's motion was overruled on August 16, 1993.[2]

On January 27, 1994, the trial court entered an order stating: "[t]he court thinks the record clear. Case will be tried on 2nd amended petition unless further petition allowed." Respondents then filed a motion to dismiss all three counts of appellant's second amended petition on March 25, 1994. Respondents argued that because summary judgment had been granted as to Counts I and II of appellant's first amended petition and because these counts were identical to Counts I and II of appellant's second amended petition, the grant of summary judgment

had res judicata effect as to the first two counts of the second amended petition. Additionally, respondents asserted Count III should be dismissed because without a finding that they were negligent in causing the fire, respondents could not be found liable for waste. A final order was entered by the court on April 11, 1994, sustaining respondents' motion. Appellant now appeals.

Two claims of error are raised. First, appellant contends the trial court erred in granting respondents' motion to dismiss Counts I and II on the basis of res judicata because no final judgment had been entered. Second, appellant argues its Count III was erroneously dismissed as a claim for waste was adequately pleaded, and the record was void of evidence supporting respondents' claim that they were "not negligent".

 As to its point one, appellant suggests the doctrine of res judicata does not apply as a grant of summary judgment is not a final judgment. It is well settled that a partial grant of summary judgment, with additional issues remaining before the trial court, is interlocutory and has no res judicata effect. *See Gould v. Rafaeli*, 822 S.W.2d 494, 494–95 (Mo.App.E.D.1991); *Joy v. Safeway Stores, Inc.*, 755 S.W.2d 13, 14 (Mo.App.W.D. 1988). Thus, although summary judgment had been granted as to the two counts of the first amended petition, because the second amended petition containing a third count was filed and accepted by the trial court, the original grant of summary judgment had no res judicata effect.

 In addition, although respondents claim Counts I and II of the first and second amended petitions were identical, we disagree. Count II did remain basically the same between the two petitions. However, the changes as to the first counts deserve some discussion.

Paragraphs 11 through 14 of the first amended petition read:

 11. Defendants Rachel N. Pechman, Phyllis B. Medlin and James Medlin failed

---

**1.** Rachel N. Pechman was originally named as a defendant in this suit. However, Ms. Pechman was dismissed from the action without prejudice in September of 1992.

**2.** We find nothing in the record to indicate whether a ruling was ever entered on respondents' motion to dismiss Count III.

to keep said electric furnace in good order and repair as required by the terms of the Lease Agreement. The failure of said Defendants to keep said electric furnace in good order and repair as set forth in the Lease Agreement resulted in the fire which destroyed the premises known as the "Office Tavern."

12. The terms of said Lease Agreement required Defendants to provide liability insurance on the premises known as the "Office Tavern" of $300,000.

13. Defendants failed to provide liability insurance as required by the terms of said Lease Agreement much to the damage of Enchanted Hills.

14. By reason of the aforesaid breach of the Lease Agreement by Defendants, Enchanted Hills was caused to suffer significant damages in that the premises known as the "Office Tavern" was entirely destroyed resulting in a loss to Enchanted Hills of $174,400.

Paragraphs 11 through 13 of the Second amended petition state as follows:

11. Defendants Rachel N. Pechman, Phyllis B. Medlin and James Medlin failed to keep said electric furnace in good order and repair as required by the terms of the Lease Agreement. Failure of Defendants to keep said electric furnace in good order and repair as set forth in the Lease Agreement resulted in the fire which destroyed the "Office Tavern" and adjoining premises.

12. Defendants failed to deliver said premises to Plaintiff in good order and condition as required by the terms of the Lease Agreement.

13. By reason of the aforesaid breach of the Lease Agreement by Defendants, Plaintiff Enchanted Hills was caused to suffer significant damages in that the premises known as the "Office Tavern" and adjoining premises were entirely destroyed resulting in a loss to Enchanted Hills of $174,400.00.

As can be seen, the first amended petition suggested a breach of contract in two respects: respondents' failure to keep the furnace in good repair, and their failure to maintain liability insurance. The second amended petition deleted the paragraphs addressing insurance and requested a breach of contract be found first, as was also alleged in the first amended petition, because of respondents' failure to keep the furnace in good repair; and second, because of respondents' failure to deliver the premises to appellant in good condition as required by the lease.

Thus, despite the fact respondents argue the breach of contract claim is identical in the first and second amended petitions, it is clear there is a difference and res judicata cannot apply. Point granted.

For its second point on appeal, appellant asserts the trial court erred in dismissing the third count of the second amended petition alleging waste. Respondents argue that because summary judgment was granted as to appellant's Count II, without a showing of negligence, they could not be found guilty of waste.

Both parties refer to *Brown v. Midwest Petroleum Co.*, 828 S.W.2d 686, 687 (Mo.App. E.D.1992) for their definitions of "waste". "Waste is the failure of a tenant to exercise ordinary care in the use of the leased premises or property that causes material and permanent injury thereto over and above ordinary wear and tear." *Id.* Caselaw also establishes that if a tenant, either through *negligence* or willful misconduct, causes injury to the leased premises, he is liable in damages. *Sparks v. Lead Belt Beer Company*, 337 S.W.2d 44, 45 (Mo.1960).

We hold, then, that upon a showing of negligence, it is also possible for a tenant to be found liable for waste. Here, because we determined Counts I and II were improperly dismissed, there is still a question of respondents' negligence. As such, on remand, it is the responsibility of the trial court to assess the negligence, if any, of respondents and to determine whether respondents are liable for damages due to waste. Point granted.

Based on the foregoing, the decision is reversed; cause is remanded for further action in accordance with our opinion herein.

REINHARD, P.J., concurs in result.

CRAHAN, J., dissents in separate opinion.

CRAHAN, Judge, dissenting.

I respectfully dissent.

This case involves a suit by appellant Enchanted Hills, Inc. ("Landlord"), against respondents Phyllis and James Medlin ("Tenants") seeking to recover for damages to the leased property destroyed by a fire on December 25, 1989.[1] Investigation as to the cause of the fire determined that it originated in and around the area of the furnace.

Landlord initially filed a two count petition alleging (1) breach of contract by reason of Tenants' failure to maintain the electric furnace in good repair as required by the lease, and (2) negligence. The petition was later amended, still alleging the same theories. On August 6, 1992, Tenants filed a motion for summary judgment on both counts. On September 8, 1992, while Tenants' motion was pending, Landlord sought and obtained leave to file a Second Amended Petition. In its motion for leave, Landlord represented to the court that the "Second Amended Petition is substantially similar to Plaintiff's First Amended Petition with the exception that the Second Amended Petition includes a Count III for Waste." On November 24, 1992, Tenants filed a motion to dismiss Count III. Thereafter, on December 10, 1992, the court sustained Tenants' motion for summary judgment directed to Counts I and II of the First Amended Petition.

According to the docket sheet included in the legal file, Landlord then moved for "Clarification or in the Alternative, to Reconsider" the court's order sustaining Tenants' motion for Summary Judgment on Counts I and II of the First Amended Petition. This motion is not included in the legal file. On February 16, 1993, Tenants gave notice of a hearing on their motion to dismiss Count III to be held on March 22, 1993. On March 9, 1993, Landlord filed a motion for partial summary judgment on Count I of the Second Amended Petition (breach of contract).

On March 22, 1993, the court entered an order giving Landlord 10 days "to respond to law by defendant [sic]." Thereafter, both parties filed memoranda addressing Tenants' liability for waste. In addition, Tenants urged that Landlord's motion for partial summary judgment on Count I could not properly be considered because the court had already granted summary judgment on this count in Tenants' favor. Further, Tenants pointed out that the court's prior summary judgment in Tenants' favor on the negligence count precluded liability for breach of the lease's covenant to return the premises in good condition at the end of the term, citing *Link v. Hathway*, 143 Mo.App. 502, 127 S.W. 913 (1910).

On August 16, 1993, Landlord's motion for partial summary judgment was overruled. Thereafter, on January 27, 1994, apparently on its own motion, the court entered the following order:

> The court thinks the record is clear. Case will be tried on 2nd amended petition unless further petition allowed. If either counsel believes there are still motions filed which have not been ruled upon, they must notify court by 2–15–94.

On March 25, 1994, Tenants filed a new motion to dismiss. In their motion, Tenants pointed out that the court had previously granted summary judgment on Counts I and II of the First Amended Petition and urged that Counts I and II of the Second Amended Petition were the same. Thus, Tenants urged that these counts were "res judicata" because the issues presented had already been considered and ruled upon when the court sustained Tenants' original motion for summary judgment. As for Count III, Tenants renewed their contention that they could not be held liable for waste in view of the court's prior ruling that Tenants were not negligent. On April 11, 1994, the court entered the following order: "Motion to dismiss Count III on merits, Ct I & II res adjudicata all sustained." This appeal followed.

In its first point, Landlord maintains that the trial court erred in holding that Counts I and II were res judicata because the prior

---

1. Rachel N. Pechman was originally named as a defendant in this suit. However, Ms. Pechman was dismissed from the action without prejudice in September, 1992.

judgments entered on these counts were not final. It is certainly true that, pending disposition of Count III for waste, the court's previous order entering summary judgment on Counts I and II was merely interlocutory in nature and was not a final judgment. Thus, in its formal and technical sense, the doctrine of res judicata does not apply. However, in reviewing the trial court's granting of a motion to dismiss, we may sustain the trial court's action upon any ground that supports the dismissal. *J.M. Morris Construction Co. v. Mid–West Precote Co.,* 613 S.W.2d 180, 181 (Mo.App.1981).

Landlord does not dispute that the trial court did, in fact, enter an order sustaining Tenants' motion for summary judgment on Counts I and II. Nor does Landlord contend on appeal that there was any genuine issue of material fact which would have precluded summary judgment on either issue. Rather, in its brief, Landlord suggests two possible bases for avoiding the effect of the order: (1) that the allegations of Counts I and II of the Second Amended Petition were "different" from the First Amended Petition (and thus, presumably not covered by the summary judgment entered as to Counts I and II of the First Amended Petition); and (2) the court later made a notation that the case would be tried on the Second Amended Petition, which apparently Landlord would have us view as an order setting aside its earlier order granting summary judgment on Counts I and II. Neither of these contentions can withstand scrutiny.

In the first place, in seeking leave to file the Second Amended Petition, Landlord specifically advised the court that the Second Amended Petition was "substantially similar" to its First Amended Petition with the exception of the inclusion of Count III for waste. By itself, this representation is sufficient to dispose of any claim that any changes in Counts I or II were sufficiently material to prevent entry of summary judgment based on the pleadings already submitted to the court. Secondly, there is no difference in the allegations of the First and Second Amended Petitions as to Count II (negligence). As for Count I, both petitions allege a breach of the lease for failure to keep the furnace in good

order and repair. The only difference between Count I of the First Amended Petition and Count I of the Second Amended Petition is that the First Amended Petition alleged an additional breach in failing to maintain insurance whereas the Second Amended Petition deletes this allegation and substitutes an allegation that Tenants failed to deliver the premises in good order and repair as required by the lease. However, this is not a *material* difference which would preclude summary judgment on the basis of the pleadings already on file because a tenant's failure to deliver leased premises in good order and repair due to destruction of the property by flood, wind or fire is not a breach of such lease term absent negligence on the part of the tenant. *Link v. Hathway,* 143 Mo.App. 502, 127 S.W. 913, 916 (1910); *see also Missouri Pacific Railroad Co. v. Sonken–Galamba Corp.,* 220 Mo.App. 462, 274 S.W. 930, 932 (1925). Because Landlord has not in this appeal challenged the propriety of the trial court's entry of summary judgment in Tenants' favor on Landlord's negligence claim asserted in Count II, it follows that the addition of an allegation that Tenants failed to deliver the property in good condition is not a material new allegation which would preclude summary judgment on Count I.

As for the trial court's *sua sponte* entry to the effect that the case would be tried on the Second Amended Petition, it is difficult to discern how such statement, standing alone, can properly be interpreted as an indication of an intent to set aside the prior interlocutory judgments as to Counts I and II. On its face, the statement is proper even if the prior judgments remained intact—*i.e.,* Count III had not been ruled upon and was set forth only in the Second Amended Petition. Because Landlord's motion for clarification has not been included in the record on appeal, we can only speculate as to whether there was some confusion as to whether the Second Amended Petition had been accepted. It is interesting to note, however, that the copy contained in the legal file was marked "Lodged" instead of "Filed." Thus, the court's order may have been intended to make it clear that matters set forth in the Second Amended Petition and not previously ruled upon—*i.e.,* Count III—would be tried.

To the extent that there is any ambiguity as to the trial court's intent, such ambiguity is removed by examination of the judgment at issue in this case indicating that Counts I and II were "res adjudicata." Taken literally, the phrase "res adjudicata," or more commonly, res judicata, simply means "a matter adjudged; a thing judicially acted upon or decided." *See* Black's Law Dictionary 1305 (6th Ed.1990). Although the disposition of Counts I and II was not, until the disposition of Count III, a "final judgment," both Counts had clearly been ruled upon. Thus, in the literal if not formal sense of the term, the trial court's characterization of Counts I and II as "res adjudicata" was correct and confirms the view that the statement that the case would be tried on the Second Amended Petition was not intended to set aside the court's prior rulings, the propriety of which are not in issue on appeal. Absent any allegation that the order granting summary judgment on Counts I and II was erroneous, the trial court's disposition of these counts must be affirmed, even if the reason given in the final order may be characterized as a technical misstatement.

Finally, Landlord urges that the trial court erred in dismissing Count III, claiming that it properly pleaded waste and there was no evidence to support Tenants' claim that they were not negligent. Landlord acknowledges that waste is defined as "the failure of a tenant to exercise ordinary care in the use of the leased premises or property that causes material and permanent injury thereto over and above ordinary wear and tear." *Brown v. Midwest Petroleum Co.*, 828 S.W.2d 686, 687 (Mo.App.1992). Thus, Landlord acknowledges that it was its burden to plead and prove negligence on the part of Tenants.

In the Petition, Landlord alleged negligence in Count III by incorporating by reference the specific acts of negligence set forth in Count II. What Landlord's argument overlooks is the fact that the trial court sustained Tenants' motion for summary judgment on Count II, thus ruling that, as a matter of law, Tenants were not negligent in the specific respects set forth in Count II and incorporated into Count III. Absent any additional specification of negligence in Count III, it follows that Tenants cannot be held liable for waste under Count III. Thus, Count III was properly dismissed.

Accordingly, I would affirm the judgment of the trial court.