MELVILLE B. C. FILES & *ux.*, *versus* HARRISON MAGOON.

An action of *trespass on the case* is maintainable by the owners of the fee against a tenant at will for acts prejudicial to the inheritance.

ON FACTS AGREED.

TRESPASS ON THE CASE, for injury by the tenant to premises during tenancy.

*Anderson & Harmon*, for plaintiffs, contended that, at common law, *trespass on the case* was the right form of action, and cited numerous and pertinent authorities to the point; but, if not at *common* law, the Revised Statutes, c. 115, § 13, had fully authorized such form.

*S. & D. W. Fessenden*, for defence.

CUTTING, J.—The question presented is, whether the plaintiffs, the owners of the fee, can maintain this action of *trespass on the case* against the defendant, their tenant at will, for acts prejudicial to the inheritance.

In *Starr* v. *Jackson*, 11 Mass. 519, it was decided, that trespass *quare clausum fregit* was an appropriate remedy in such cases. That opinion has called forth very able and learned discussions in relation to its accuracy, among which is that of the distinguished Orr, in our own Reports; and

there are numerous authorities, ancient and modern, tending to establish a contrary doctrine.

But the same Court, in *Lienow* v. *Richie*, 8 Pick. 235, upon a similar state of facts, sustain an action *on the case*, remarking that the case of *Starr* v. *Jackson* affirms this doctrine, and *only* decides that trespass *may* be maintained by the landlord, when the lessee is only tenant at will; not that case, even under those circumstances, would not lie.

The distinction is acknowledged by its most learned advocates to be merely technical; and it is not denied that equal justice may be done to the parties, under either form of action.

*Action to stand for trial.*

TENNEY, C. J., and RICE, HATHAWAY, and GOODENOW, J. J., concurred.