WILLIAM BOEFER, Appellant, v. JAMES SHERIDAN, Respondent.

St. Louis Court of Appeals, November 11, 1890.

1.  **Landlord and Tenant:** WASTE. A tenant, no matter what the duration of his term, is liable to his landlord for voluntary or commissive waste.

2.  **Justices of the Peace:** SUFFICIENCY OF STATEMENT OF CAUSE OF ACTION. A statement of the plaintiff's cause of action is sufficient in a proceeding instituted before a justice of the peace, if it is sufficiently definite to advise the defendant of the nature of the complaint, and to bar another action for the same subject-matter.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Henry Boemler*, for appellant.

( 1 ) This is an action of landlord and tenant, which imposes on the tenant the obligation to take good care of the premises, and if the property is destroyed, either by the careless or reckless use made of it, or wantonly destroyed by the tenant while in the tenant's possession, he is liable to the landlord for the injury sustained. *Mason v. Stiles*, 21 Mo. 374; *Barker v. Shackelford*, 61 Mo. 68; Story on Bailments, sec. 400; 4 Kent's Com. 79. ( 2 ) The tenant is like a common carrier, and the law in this instance is founded on the same great principles of public policy. *Mason v. Stiles*, 21 Mo. 374. ( 3 ) A complaint before a justice which would be insufficient under the statute may yet be good for the common-law action. *Tackett v. Huesmann*, 19 Mo. 525; *Montague v. Papin*, 1 Mo. 544.

*W. C. Marshall*, for respondent.

Appellant's contention that his petition stated a cause of action at common law, although it might not under the statutes, is not well taken. If the action be said to be for waste, then it was not commissive waste at common law. Wood. on Landlord and Tenant, sec. 420, p. 698. Appellant tries to make out a case of a failure of the tenant to take good care of the premises. This contention is not tenable. At common law such failure would constitute permissive waste, if anything, but the evidence in this case does not disclose a right of action for permissive waste. Wood. on Landlord and Tenant, sec. 421, p. 323, *et seq.* At common law an action for waste lay only against tenants by curtesy,

dower, and guardians whose estates were created by act of the law, and tenants for life or years were not liable for permissive waste unless provision to that effect was made in the lease.   A tenant at will or sufferance was not, at common law, liable for permissive waste. Wood. on Landlord and Tenant, sec. 427, p. 712.

ROMBAUER, P. J.—This action was brought before a justice of the peace.   The plaintiff, in his statement, charged that the defendant, on sundry occasions, maliciously, wilfully, unlawfully and voluntarily broke, injured and damaged certain parts of a building, property of the plaintiff.

On the trial of the cause in the circuit court, the plaintiff gave evidence tending to show that the defendant was his tenant from month to month, and, as such, occupied the premises in question for a blacksmith's shop ; that, during such occupancy, the freehold was injured by horses, tied to the shop, gnawing the woodwork and pulling out rings fastened in the walls, and thereby injuring and tearing out part of the walls, also by horses breaking through the flooring in one place. The plaintiff also gave evidence tending to show that, at one time, the defendant and his employes materially injured a door on the premises by throwing large rocks against it in playing at quoits ; also that the defendant's employes broke the hinges off the outside door and injured its lock, in order to get into the shop when the key was lost or mislaid ; also that the defendant on one occasion negligently broke a pane of window glass ; and that the defendant agreed to repair the damages thus caused, but failed to do so.

At the close of the evidence, the plaintiff was compelled to take a nonsuit, under an instruction of the court that he could not recover.   He appeals, and assigns this ruling of the court for error.

The plaintiff's statement does not aver that the defendant was his tenant.   While we are not advised,

on the one hand, on what theory the plaintiff brought his action, we are not advised, on the other hand, on what theory the court nonsuited him. It is evident, however, that if the plaintiff's statement set out any cause of action, though inartificially, and there was not an entire failure of proof of such action on his part, the ruling of the court was erroneous..

The plaintiff's statement shows a cause of action in trespass, and part of the evidence adduced by him shows a cause of action for commissive or voluntary waste. Now, while these two actions are different, and the plaintiff's statement, if filed as a petition in a court of record, would have been fatally defective as a petition in an action of waste, it is a sufficient statement for either action before a justice of the peace, where no formality of pleadings is required. It advises the defendant of the nature of the complaint, and bars another action for the same injuries. In *Coughlin v. Lyons*, 24 Mo. 533, it was held that a statement in the following form : "L. & S. to P. J. C., *Debtor*. To 41 hams, 464½ lbs. at 10 cents $46.45 ; 2 bbls. whiskey, 77½ gals., at 28 cts, $21.70 ; total $68.15," was made good by proof, that the articles enumerated, being the property of the plaintiff, P. J. C., had been wrongfully seized at the instance of the defendants, L. & S., in an attachment suit against a third person. The liberal rule, thus announced, touching the requirements of statements before justices has been approved and commented on in the analogous case of *Hale v. Van Dever*, 67 Mo. 732, and in subsequent cases, and is still the recognized rule in this state.

That a tenant at will or sufferance is not liable for permissive waste, either at common law or under the statute, is conceded. As section 3107 of the Revised Statutes of 1879 mentions only tenants for life or years, it may also be conceded that a tenant from month to month, as the defendant was, under the provisions of section 3078 of the Revised Statutes of 1879, is also not

liable for permissive waste. In this case, however, the evidence had a tendency to show that the defendant was guilty of some acts of voluntary or commissive waste, for which every tenant is responsible to his landlord, regardless of the duration of his term. It results that the court was not warranted to withdraw the case from the jury, either on the ground that there was such a variance between the *allegata* and *probata* as amounted to a failure of proof, or on the ground that the defendant, by virtue of his tenure, was not responsible for any of the damages caused to the freehold.

The judgment will be reversed and the cause remanded. All the judges concur.