Thomas Chalmers & another *vs.* Newton Smith
& another.

Hampshire.    September 16, 1890. — January 6, 1891.

Present: Field, C. J., Devens, W. Allen, C. Allen, & Knowlton, JJ.

*Landlord and Tenant — Tenancy at Will — Voluntary Waste — Waiver.*

A tenant at will is under an implied agreement to use the premises in a tenant-like manner, and not by his voluntary act unnecessarily to injure them; and if he places in a barn hired by him a weight apparently and in fact excessive, which causes the barn to fall, he is guilty of voluntary waste, and is liable therefor upon his implied agreement.

Acceptance of rent by a landlord for the full term for which the premises are let is not necessarily a waiver of his right to damages for breach of the tenant's implied agreement not to commit voluntary waste.

TORT, with a count in contract, to recover for a loss by the fall of a barn in South Hadley. The declaration was as follows:

" Count in tort. And the plaintiffs say the defendants became and were tenants to the plaintiffs of a certain barn and premises of the plaintiffs, situated in said South Hadley, which said defendants hired for the storage of hay, and when so occupying and using said barn and premises as such tenants, they wrongfully and unlawfully, and without the license and against the will of the said plaintiffs, stored and filled the barn floors, passageways, and stables of said barn with meal, grain, and fertilizers, all of which were quite weighty, and having also filled the remaining space in the barn with hay and grain, so that the entire space in the barn was filled or nearly filled with material and substance much too weighty, said barn not having been constructed or calculated to sustain such a quantity of heavy grain, hay, and substances as the defendants placed therein; and said defendants so overloaded said barn as aforesaid that the floor gave way. The timbers, braces, and supports of said barn were drawn out of place and broken. The scaffold and roof were broken down, and the entire building badly damaged by reason of the enormous weight so wrongfully and unjustly and improperly placed therein by said defendants. By means of which damage said plaintiffs have lost and will lose the use and rental of said barn, and have been and will be put to great loss and expense to repair the same.

" Count in contract. And the plaintiffs say that the defendants became and were tenants to the plaintiffs of a certain barn and premises of the plaintiffs situated in said South Hadley, which they hired for the storage of hay, upon the terms that the defendants should during the said tenancy use the said barn and premises in a tenant-like and proper manner, and the defendants during the said tenancy used the said barn and premises in an untenant-like and improper manner, filling the stable and barn floors with a large quantity of grain, meal, and fertilizers, in addition to the large quantity of hay and grain stored by said defendants in other parts of the barn, so that said barn was overloaded, and the floors and scaffolds and roof broke down, the timbers and supports were broken, and the barn badly damaged, by reason of which the plaintiffs have lost and will lose

the rental of the same, and will be put to great expense to repair the same.

" The count in contract is joined with the count in tort, it being deemed doubtful to which of these classes the above cause of action belongs, and both being for one and the same cause of action."

Trial in the Superior Court, before *Barker*, J., who, after a verdict for the plaintiffs, reported the case for the determination of this court, in substance as follows.

The plaintiffs purchased the land on which the barn mentioned in the declaration stood on July 19, 1887. The defendants, as copartners, occupied the barn under an oral lease from the former owners at the time of the purchase, and continued in occupation under that lease until its term expired, July 1, 1888. In June, 1888, the defendants, by an oral bargain, hired the barn of the plaintiffs for another year from July 1, 1888, at a rent of seventy-five dollars. On the morning of July 31, 1888, the barn fell, its floors settling and many of its beams being broken. The plaintiffs contended and offered evidence tending to show that the barn fell from overloading, and that the weight put into it by the defendants was excessive, and improperly distributed. But the defendants denied this, and contended and offered evidence tending to show that the accident was caused by the defective construction of the barn. It also appeared in evidence, that the defendants remained in occupation of the barn until July 1, 1889, and that they had paid the rent for the full term before this action was brought.

When the plaintiffs rested their case, the defendants moved for a verdict, on the ground that the action could not be maintained upon the pleadings and evidence, but the judge overruled the motion ; and the defendants excepted.

The judge submitted the case to the jury upon instructions, to which no exception was taken, which allowed them to find for the plaintiffs, if they found in fact that the fall of the barn was caused by an apparently unreasonable use of it by the defendants.

If the case was properly submitted to the jury, judgment was to be entered for the plaintiffs ; otherwise, such disposition of the case was to be made as might be proper.

*E. W. Chapin*, for the plaintiffs.

*R. O. Dwight*, for the defendants.

KNOWLTON, J.   The jury have found that the defendants un-reasonably used the plaintiff's barn by putting into it a weight which was apparently, and in fact, excessive.   This was some-thing more than a mere omission which would constitute permis-sive waste.   It was a positive, unreasonable act, of a kind likely to cause injury to the plaintiffs' property.   Such an act, which results in damage, is voluntary waste on the part of a tenant who is guilty of it.

A tenant at will who commits voluntary waste is liable to his landlord in an action of trespass *quare clausum*.   His act termi-nates his right as a tenant, and entitles the landlord to treat him as a trespasser in doing it.   *Starr* v. *Jackson*, 11 Mass. 519. *Lienow* v. *Ritchie*, 8 Pick. 235.   *Daniels* v. *Pond*, 21 Pick. 367. *Lothrop* v. *Thayer*, 138 Mass. 466, 473.

A tenant at will as well as a tenant for life or for years is under an implied agreement to use the premises in a tenant-like man-ner, and not by his voluntary act unnecessarily to injure them. While this agreement does not include an obligation on the part of a tenant at will to repair defects resulting from the action of the elements, or from a reasonable use of the premises, or from an unavoidable accident, it creates a liability in an action of contract for a wrongful act in violation of it.   1 Add. Cont. (8th ed.) 383.   *Holford* v. *Dunnett*, 7 M. & W. 348.   *United States* v. *Bostwick*, 94 U. S. 53, 66.

The acceptance of rent by the plaintiffs for the full term was not necessarily a waiver of their right to recover damages for a breach of this contract.   It was merely evidence for the con-sideration of the jury upon the question whether there was a waiver.   A liability in damages for an act of this kind may well be enforced in an action of contract, notwithstanding that the rent has been fully paid.

Upon the facts which the jury must have found, the action can be maintained on the second count, and the ruling of the pre-siding justice was therefore correct.   Whether the plaintiffs waived their right to maintain an action of trespass *quare clausum* by permitting the defendants to be in possession of the premises, and accepting rent for a long time after the build-

ing fell, or whether the defects in pleading in the first count, treating it as a count in trespass, could be taken advantage of by the defendants' request for a ruling at the close of the evidence, it is unnecessary to decide.

*Judgment for the plaintiffs.*