## WILLIAM E. BAILEY vs. ALVIN F. MARDEN.

Essex. November 7, 1906. — November 27, 1906.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Contract*, Implied : common counts, Performance and breach. *Practice, Civil*, Findings of fact by judge.

In an action to recover compensation for hauling wood from a woodlot of the defendant, it was found by a judge, sitting without a jury, that the agreement was that the plaintiff should haul all the wood at the price of one dollar a cord, the defendant to cut it and have it ready for him, that the agreement made no provision for deferment of payment until all the wood was hauled, that the plaintiff performed his part of the contract as far as he could, and that there was a breach of the contract on the part of the defendant. It appeared that the plaintiff hauled all the wood that the defendant had cut and ready at a certain time, and was paid for it, that, there being no more wood ready at that time, he went to another job, and afterwards returned and hauled more wood for the defendant, for which the defendant refused to pay him until all the wood on the lot had been hauled away. *Held*, that, even if the contract was an entire one to haul all the wood upon the lot, the defendant by his breach of the contract having prevented full performance on the part of the plaintiff, the plaintiff was entitled to recover on a *quantum meruit* the fair value of the work done by him.

The findings of fact of a judge sitting without a jury will not be revised unless it is made to appear that they were unwarranted by the evidence.

CONTRACT on an account annexed to recover compensation for hauling wood for the defendant in November, 1905. Writ dated December 22, 1905.

In the Superior Court the case was tried before *Harris*, J., without a jury. The substance of the case is stated in the opinion.

The testimony of the defendant referred to in the opinion is stated in the bill of exceptions as follows :

The defendant testified that the agreement between the plain-

tiff and himself was that the plaintiff should haul all the wood on the lot at one dollar per cord, the defendant to have the wood ready as soon as he could; and that the plaintiff hauled until he caught up with the choppers. The defendant further testified that there were choppers on the lot all the time, sometimes one or two and sometimes seven or eight; that in October when there was wood cut and made ready on the lot the defendant asked the plaintiff to finish the lot and the plaintiff said he would as soon as he finished the job he was then on; that the plaintiff took up the work again; that when the plaintiff came to the defendant for money the defendant declined to pay him until he finished the lot, on the ground that the plaintiff had left the bottoms of the piles and because the defendant had heard the plaintiff was to leave the job. The defendant testified that one dollar a cord was a fair price for hauling the entire lot. In answer to the question of the plaintiff's attorney, "Did you tell Allen Tarbox that you owed Bailey and would have to pay him?" the defendant replied, "No, sir. I told him I owed him for wood hauled, I supposed there was some value there due him." When asked "And you still think there is some value there due him?" he replied, "Certainly."

At the close of the evidence the defendant asked the judge to rule: 1. That upon all the evidence the plaintiff is not entitled to recover. 2. That the contract between these parties was entire. 3. That the plaintiff cannot recover on a *quantum meruit*. 4. That the conduct of the plaintiff in resuming work after the date of the alleged breach by the defendant was a waiver of the alleged breach.

The judge refused to make any of these rulings. He made the findings of fact which are stated in the opinion, and found for the plaintiff in the sum of $34.78. The defendant alleged exceptions.

*R. F. Metcalf*, for the defendant.

*G. Mitchell, Jr.*, for the plaintiff.

RUGG, J. This is an action of contract to recover compensation for hauling wood for the defendant. The declaration is upon an account annexed. The plaintiff contended that the defendant made an oral contract, under which the plaintiff was to haul for the defendant some wood from the lot where it was

cut to a coal yard, for which the defendant was to pay the plaintiff one dollar per cord. The plaintiff hauled all the wood which the defendant had cut and ready for him in September, 1905, and was paid for it. There being no more wood ready at the time he went to another job, returning to work upon the defendant's lot in November of the same year. The defendant refused to pay anything for this work until all the wood upon the lot had been hauled away, hence this action. In the Superior Court, where the case was heard without a jury, the judge found as a matter of fact that the agreement was that the plaintiff should haul all the wood at the price of one dollar a cord, the defendant to cut it and have it ready for him; that the agreement made no provision for deferment of payment until all the wood was hauled, that the plaintiff performed his part of the contract as far as he could, and that there was a breach of the contract on the part of the defendant.

The bill of exceptions does not purport to disclose all of the evidence, but the testimony of the defendant abundantly justifies the findings made by the judge who heard the case and the verdict rendered by him. The prayers presented by the defendant were all immaterial, in view of the testimony of the defendant and the facts found. Even if the contract as originally made was entire, to haul all the wood upon the lot, yet it was broken by the defendant without fault on the part of the plaintiff, and under these circumstances the latter is entitled to recover on a *quantum meruit* the full value of the work done by him. The defendant cannot be permitted to set up a contract, the performance of which he himself has prevented, as a bar to paying the plaintiff his fair compensation. *Fitzgerald* v. *Allen*, 128 Mass. 232. *DeMontague* v. *Bacharach*, 187 Mass. 128. But even if the facts were not so clearly against the defendant, we could not attempt to pass upon the weight and effect of the evidence and revise the finding, provided there were facts and circumstances upon which the finding might be based, nor unless it appeared that it was unwarranted by the evidence. *Wylie* v. *Cotter*, 170 Mass. 356.

*Exceptions overruled.*