KATIE A. MEANS *vs.* A. H. H. COTTON.

Suffolk. October 17, 1916. — December 2, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Appeal. *Landlord and Tenant,* Surrender, Obligation of tenant as to care of premises.

An order of the Appellate Division of the Municipal Court of the City of Boston dismissing a report by a trial judge will not be reversed on an appeal by the plaintiff merely because the report shows that the judge, having found a certain fact in the plaintiff's favor, granted a request of the defendant for a ruling of law based upon an assumption of fact contrary to his finding, the plaintiff not being harmed by such a ruling.

At the trial of an action for the use and occupation of a two apartment house for three months, it appeared that the defendant had been a tenant at will of the premises for a certain rent payable on the first day of each month for the month preceding, and there was evidence tending to show that on the second day of an October he gave to the plaintiff a notice that he should quit the premises on the first of the next month, that the plaintiff at once informed the defendant that the notice was insufficient and that he would be held for a proper month's notice, that the defendant paid rent to November 1 and then sent the keys to the plaintiff, who three days later wrote to the plaintiff that the keys were not accepted as a surrender but that the defendant would continue to be held for the rent, although the plaintiff would let the premises if possible and would use the keys for that purpose. The next day the plaintiff entered the premises, found them damaged because of acts of omission of the defendant as a tenant, and made repairs which extended to parts of the premises not so damaged. In December the plaintiff let one of the apartments, the tenant occupying on December 26, the rent to be paid beginning January 1. *Held,* that a finding was warranted that the plaintiff had accepted a surrender of the premises as to the months following November.

While a tenant at will is liable for voluntary waste, he is not liable for permissive waste of the premises let.

CONTRACT, with a declaration in two counts, the first count being upon an account annexed for the use and occupation of a tenement hired of the plaintiff by the defendant for the months

of November and December, 1912, and January, 1913, at $35 per month, with a credit of $25 received from a new tenant of part of the premises for January, 1913; and the second count being for a breach of the implied agreement of the defendant to use the premises in a tenantlike manner. Writ in the Municipal Court of the City of Boston dated March 29, 1913.

The evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence, the plaintiff asked the judge to rule as follows:

"1. On all the evidence the plaintiff is entitled to recover.

"2. On all the evidence the plaintiff is entitled to recover on the first count of the declaration.

"3. On all the evidence the plaintiff is entitled to recover on the second count of the declaration.

"4. On all the evidence the plaintiff is entitled to recover the rent for the month of November, 1912.

"5. If the notice of intention to terminate the defendant's tenancy was not received by the plaintiff until October 2, 1912, it was not sufficient to terminate said tenancy.

"6. If the notice of intention to terminate the defendant's tenancy was not received by the plaintiff until October 2, 1912, it was not sufficient to terminate said tenancy on October 31 or November 1, 1912.

"7. On all the evidence there was no acceptance by the plaintiff of a surrender of the premises.

"8. On all the evidence there was no waiver of the requirement or sufficiency of notice to terminate the defendant's tenancy.

"9. If the defendant had vacated and abandoned the premises and the plaintiff then retained the keys, that were delivered to her by the defendant, for the purpose of reletting the premises, that does not constitute an acceptance by the plaintiff of a surrender of the premises or a termination of the defendant's tenancy.

"10. If the defendant vacated and abandoned the premises without sufficient termination of his tenancy, the plaintiff is entitled to recover from him for rent until such time as the premises were actually relet or could have been by the exercise of reasonable diligence on her part, allowing him credit for any sum actually received for any part of the premises that were or could have been by reasonable diligence relet in the meantime.

"11. The defendant by becoming a tenant at will of the plaintiff of the premises impliedly agreed with the plaintiff to exercise reasonable care while using the property to prevent damage thereto, and if he failed in this respect he is liable to the plaintiff for any damages to the property caused thereby; and this liability can be enforced in this action.

"12. The defendant by becoming a tenant at will of the plaintiff of the premises impliedly agreed with the plaintiff to exercise reasonable care while using the property to prevent damage thereto, unless such implied agreement was excluded by the operation of some express agreement, and if he failed in this respect he is liable to the plaintiff for any damages to the property caused thereby; and this liability can be enforced in this action.

"13. If the defendant was a tenant of the plaintiff of the premises and, through his negligence occurring before he had vacated or while he was vacating the premises, the same were injured, he is liable in this action for the damages caused thereby.

"14. If the defendant was a tenant of the plaintiff of the premises and vacated them after a stove in the house had been disconnected from the water pipes in such a way as to leave said pipes open and he did not have the water fully shut off or take other reasonable means to prevent the water from flowing out of said pipes and the water did flow out of said pipes and injure the house, the defendant was negligent and is responsible in this action for the damages caused thereby.

"15. The statute of frauds as pleaded by the defendant is no defence to this action."

"18. If before the premises were vacated by the defendant the stove was disconnected from the water pipes, the ends of which were left open so as to be likely to cause damage if the water was not properly and thoroughly shut off, and defendant without having any special knowledge or experience in this sort of work attempted to shut it off himself or left it to some other persons who didn't have such knowledge or experience and the water was not properly shut off, this would be negligence on the part of the defendant and would make him responsible in this action for any damages caused thereby."

The judge made the fourth, fifth, sixth, eighth, ninth, tenth,

fourteenth and fifteenth rulings, refused to make the first and second rulings as requested, but made them after adding the word "something" after the word "recover."

The judge also refused to make the seventh ruling as to the months of December *et seq.* and refused absolutely to make the third, eleventh, twelfth, thirteenth and eighteenth rulings.

At the request of the defendant the judge made the following rulings:

"1. If the plaintiff, knowing that the written notice given to her by the defendant was intended to terminate the tenancy at a time stated therein, waived any objection to its informalities or by her words and conduct led the defendant reasonably and properly to understand that she waived such informalities, she cannot now object that the notice was insufficient.

"2. If the plaintiff, having on or about October 2, 1912, received from the defendant a written notice of his intention to terminate the tenancy as of a date specified therein, being on or about November 1, 1912, thereupon at once went to the defendant and told him that his notice was not sufficient and that she should 'hold him to a full month's notice' and thereupon asked or received from the defendant permission to place 'To Let' signs on the property in question and immediately thereafter during the month of October and while the defendant still remained in actual occupation placed such signs upon the premises in question, these are facts from which the court may find that the plaintiff by her words and conduct led the defendant reasonably and properly to understand that she so far waived any informality in the aforesaid notice as to release the defendant from his tenancy at the expiration of the rental month of October.

"3. Any acts which are equivalent to the expression of an intention on the part of a tenant to abandon and on the part of the landlord to resume possession of demised premises amounts to a surrender of the same by operation of law.

"4. Certain of the acts which the plaintiff did during the month of November or the month of December or during both of those months in 1912, in the so called upper flat portion of the demised premises now in question, including the making of repairs having no relation to the injuries alleged to have been caused by the escape of water or the defendant's neglect, are such acts

as will justify the court in finding that the plaintiff exercised
during one or both of those months such dominion or occupation
over the demised premises as are inconsistent with a right on her
part to hold the defendant for use and occupation thereof during
the months within which she did such acts.

"5. A tenant at will is not liable to his landlord for injury to
the demised premises due to the tenant's mere negligence.

"6. A tenant at will is not liable to his landlord for permissive
waste as distinguished from voluntary waste."

The judge found in favor of the plaintiff in the sum of $35,
and at the request of the plaintiff reported the case to the Appel-
late Division, who dismissed the report. The plaintiff appealed.

*J. P. Crosby,* for the plaintiff.

*F. H. Noyes,* for the defendant.

CARROLL, J. The plaintiff received from the defendant, who
was her tenant at will at a rental of $35 per month, payable on
the first day of each month for the month preceding, a written
notice stating his intention to vacate the premises on November
1, 1912. The notice was received on October 2, 1912, and on the
same day the plaintiff informed the defendant that the notice
was not sufficient to terminate the tenancy and that she would
hold him for a proper month's notice. Following the suggestion
of the defendant, she placed "To Let" signs on the premises.
On November 2 all of the defendant's furniture had been taken
from the tenement. He paid rent to November 1, and on or
about that day sent the keys of the tenement to the plaintiff.
On November 4 she wrote him saying she did not accept the keys
as a surrender or termination of the tenancy and would continue
to hold him responsible for the rent, but would let the premises
if possible, and would use the keys for that purpose. On November
5 the plaintiff entered the premises and found that the kitchen
stove, when removed, had been disconnected from the hot water
pipes in such a way that the ceilings and walls were soaked with
water. She repaired the damaged premises and also made re-
pairs on other parts of the house not injured by water. She
rented the second floor apartment in December, 1912, the tenant
occupying it December 26, the tenancy beginning January 1.
The other apartment was rented beginning February 1, 1913.

The defendant offered evidence tending to show that the plain-

tiff on October 2 asked permission to place the signs in the house, and his consent to this; that at this time she did not say whether the notice was sufficient or insufficient, and did not say she would require a full month's notice. He also testified that the stove was properly disconnected and the water shut off, and that the damage was caused by water leaking in over the windows, through the roof and from a tank in the third floor.

The plaintiff's first count is for use and occupation during the months of November, December and January. The second count is for damages on account of the breach of the implied covenant to use the premises in a tenantlike and proper manner. The judge of the Municipal Court found for the plaintiff on the first count in the sum of $35, — the rent for the month of November. The plaintiff appealed.

It is not disputed that the notification of October 2 was insufficient in failing to give the plaintiff a full month's notice of the termination of the tenancy, and in awarding judgment for the plaintiff in the sum of $35 (the amount of the rent for the month of November) the judge must have found that the informality in the notice was not waived so as "to release the defendant from his tenancy at the expiration of the rental month of October." Even if the judge was wrong in granting the second request of the defendant, in view of his findings of fact the plaintiff was not harmed by this ruling; neither was she injured by the first ruling given at the request of the defendant. See *Boston Supply Co.* v. *Rubin,* 214 Mass. 217, 220; *Bailey* v. *Marden,* 193 Mass. 277.

The plaintiff in her seventh request asked, "On all the evidence, there was no acceptance by the plaintiff of a surrender of the premises." The record shows, "The court refused to grant the seventh ruling requested . . . as to the months of December, *et sequitur.*" Considering the conversation of the parties shortly after the notice was received by the plaintiff; her letter of November 2, when the keys were received, in which she said she would use them in securing a tenant "as she understood he had abandoned the premises," although she would continue to hold him for the rent; the circumstances connected with the repairs, — the time they were made, the fact that they extended to parts of the premises not damaged by water; the occupation of the second floor apartment during the month of December, and ex-

amining the entire evidence, we think the judge could have found that the plaintiff fully accepted the abandonment and surrender of the estate, that the plaintiff's acts of control and occupation were inconsistent with the relation of landlord and tenant and that the tenancy was finally terminated at the end of November. *Talbot* v. *Whipple,* 14 Allen, 177. *Amory* v. *Kannoffsky,* 117 Mass. 351. There was no error of law, therefore, in the manner in which the plaintiff's seventh request was dealt with, nor in the modification made to the first and second requests of the plaintiff. Neither is it necessary to consider the third and fourth requests of the defendant, in view of the findings made. *Bailey* v. *Marden, supra. Cohen* v. *Berkowitz,* 215 Mass. 68.

The third, eleventh, twelfth and thirteenth requests of the plaintiff refer to the second count of the declaration and were properly refused. The judge could have found that the damage to the house was not caused by the acts of the defendant nor by the manner in which the pipes were disconnected, and that the defendant was not responsible therefor. Finding such facts as he did, he could not have given the third request. *Wyche* v. *Uebelhoer,* 223 Mass. 353.

While a tenant at will impliedly agrees to use the premises in a tenantlike manner, he is not liable for a mere omission or failure to act. He is liable for voluntary, but not for permissive waste. *Daniels* v. *Pond,* 21 Pick. 367. *Lothrop* v. *Thayer,* 138 Mass. 466, 475. *Chalmers* v. *Smith,* 152 Mass. 561. The eleventh, twelfth and thirteenth requests, therefore, were hardly accurate, taking into account this rule of law. But, even if they were true statements, the plaintiff was not prejudiced thereby, because the judge gave the fourteenth request, which correctly stated the law and included all that the plaintiff could fairly ask on this branch of the case. This also disposes of the eighteenth request.

*Order dismissing the report affirmed.*