*Northern District*

No. 5040

## RHODA BANE
### v.
## PRESTON D. CHASE

(March 25, 1957)

*Eno, J.* This is an action of contract brought by a landlord against a former tenant. The declaration is in two counts: Count One is for use and occupation of a tenement of the defendant. Count Two is as follows:

"And the plaintiff says that the defendant was tenant to the plaintiff of a certain tenement located at 26 Carlton Street in Salem on a weekly rental agreement from Monday to Monday; that on December 3, 1954 leaving the premises locked and unheated; that on December 4, 1954, the plaintiff, through her husband, Julius Bane, made demand upon the defendant for a key to the premises but the defendant refused to surrender his key but mailed the same to the plaintiff's husband on December 7, 1954 and the mail was not delivered until December 8, 1954; that in the meantime the plumbing in said premises became frozen and burst and caused extreme damage by flooding both the tenement and the floor below, all to the great damage to the plaintiff as set forth in the account hereto annexed and marked 'B'."

The annexed account lists the damages totalling $372.48. The answer is a general denial with a plea of payment.

By agreement of the parties the plaintiff made a statement of facts as reported by the trial judge:

"Defendant was a tenant of plaintiff in the second floor of a house in which plaintiff's husband occupied a store on the first floor. There was only one water shut-off and that was in the cellar. Defendant's tenancy was at will, from week to week, beginning on Mondays. Defendant vacated the second floor tenement on Friday, December 3, 1954, without any notice to plaintiff. On December 4, 1954 plaintiff demanded the key and was refused on the ground that the week for which defendant had paid had not expired. On Tuesday, December 7th defendant mailed the key and plaintiff received it on Wednesday, December 8th.

"On Tuesday, December 7th plaintiff found icicles hanging from the ceiling of the store. She got into the premises that same day through a window and found the water pipes frozen and flooding. With the help of a plumber, the water was shut off, but substantial damage appeared to have been done the premises, and to the merchandise on the first floor."

After the plaintiff's opening, the defendant presented a motion requesting "that a finding be entered for the defendant on the ground that the plaintiff has not set out in her opening the facts necessary to establish a prima facie case," which the Court allowed. The Court found for the plaintiff for the amount claimed by the first count of her declaration and for the defendant on the second count.

The plaintiff claims to be aggrieved by the allow-

ance of the defendant's motion as to the second count of her declaration.

It is not stated in the report that it contains all the evidence material to the question raised, but the judge added the following statement in his memorandum of decision:

> "I reserved judgment, after both parties had argued the law and facts and submitted briefs. Although under the doctrine of *Perry v. Carter,* 332 Mass. 508, I am not required to act on such a motion, after merely an opening, at the request of both parties, I agreed to do so, as the plaintiff's entire case was contained in the opening."

The only question for us to decide is whether or not the plaintiff has made out a *prima facie* case on the agreed facts submitted to the Court on the second count of her declaration.

Waste was defined in *Gade v. National Creamery Co.,* 324 Mass. 515, 517 as an "unreasonable or improper use, abuse, mismanagement or omission of duty touching real estate by one rightfully in possession which results in its substantial injury." *Delano v. Smith,* 206 Mass. 365, 370.

In the former case it was held that "a tenant at will is liable for voluntary waste but not for permissive waste." *Chalmers v. Smith,* 152 Mass. 561, 564; *Means v. Cotton,* 225 Mass. 313, 319, and cases cited therein.

In the case at bar there is nothing to show what the defendant did, except that he left the premises "locked and unheated." The plaintiff knew that the defendant had vacated the premises. The only water shut-off was in the cellar. The agreed facts fail to state how cold it was when the tenant moved and when the pipes froze. We think that the landlord herself should have taken the necessary steps to shut

off the water after she learned that the tenant had moved.

We find no prejudicial error in the allowance of the defendant's motion and the report is to be dismissed.

Edward H. J. Wilson, for the plaintiff.

John J. Jennings, for the defendant.