GEORGE H. DUQUENOY & another *vs.* CORINNE C. DORGAN & another.

Bristol.    April 6, 1960. — May 3, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Real or Personal Property.    Practice, Civil,* Amendment.

A garage erected on premises many years before by a tenant with precut lumber assembled thereon, and spiked to cedar posts set in the ground as a foundation, could properly be found to be part of the realty. [29]

Where the issue involved and tried in an action by the owner of premises in the nature of trespass quare clausum fregit was whether a garage removed therefrom by the defendant, a tenant rightfully in possession of the premises, was part of the realty or was personalty and the judge found that it was part of the realty and found for the plaintiff, the judge might properly in his discretion allow an amendment of the declaration so as to allege a conversion in conformity to the proof.    [30]

TORT.    Writ in the First District Court of Bristol dated June 24, 1958.

The action was heard by *Welch, J.*

*John W. McIntyre,* for the defendants, submitted a brief.

No argument nor brief for the plaintiffs.

COUNIHAN, J.    This is an action originally in the nature of trespass quare clausum fregit brought in a District Court.    The plaintiffs who are husband and wife alleged that the defendants who are mother and son unlawfully removed a garage which was located on the plaintiffs' land. The judge found for the plaintiffs in the sum of $350 and reported the action to the Appellate Division at the request of the defendants who claimed to be aggrieved by the refusal of their requests for rulings and the finding for the plaintiffs.

After hearing the Appellate Division ordered the entry of the following: "[I]f within sixty days after notice of the order in this case, appropriate amendment of their declaration by the plaintiffs based on the conversion of the garage

shall have been allowed, the report is to be dismissed; otherwise the order must be judgment for the defendants.'' Subsequently an amendment to the declaration to make it conform to the proof was allowed by a judge of the District Court and the defendants appealed to this court. There was no error.

From the report we gather that the only ''issue in the case is whether at the time of its removal the garage was personal property or part of the real estate'' and the judge found that it was part of the real estate and not personal property. The evidence disclosed by the report shows that the plaintiffs acquired the land on which the garage was located by conveyance on May 23, 1958, from Emeline LaGarde and another. Emeline was a sister of Corinne who with her late husband was a tenant in one of the houses on this land for many years. On September 23, 1937, Corinne's husband purchased a portable single garage and erected it on the land. It was a portable garage in the sense that the lumber was precut and assembled on the land. It was spiked to cedar posts set in the ground as a foundation. The plaintiffs examined the premises before they acquired them and although they saw Corinne she asserted no claim to ownership of the garage. After the death of her husband in 1946 Corinne and her son remained on the premises as tenants and their rent was paid through July 5, 1958. On June 17, 1958, the defendants removed the garage from the premises and installed it at another location.

The finding that the garage was part of the realty was warranted. It is plain from the evidence that it was permanently affixed to the realty in that it was attached by spikes to cedar posts set in the ground as a foundation. It had been in that condition for over twenty years. Furthermore the defendant Corinne asserted no rights of ownership to it when she observed the plaintiffs inspecting the premises before acquiring them. The burden of proving that the garage retained its character as personal property because of an express agreement prior to its erection on the

land rests upon the defendants who make that claim. *Meeker* v. *Oszust,* 307 Mass. 366, 372. No evidence to this effect appears in the judge's report.

The defendants in their brief argue that the judge had no power to allow the plaintiffs' motion to amend their declaration after trial because the issues presented by the amendment were not fully and fairly tried in the District Court. We do not agree. It is plain from the report of the judge what the issue at the trial was. We agree that an action of trespass quare clausum was not the proper remedy, for the defendants were rightfully in possession of the premises when the garage was removed. But, as we have stated, the issue at the trial was whether the garage was personal or real property and all the evidence pointed to that issue so that the defendants were not surprised. They must have understood that the real cause for which the action was brought involved a determination of this issue. G. L. c. 231, §§ 51, 138. *Beers* v. *McGinnis,* 191 Mass. 279, 282. Section 138 clearly states that "the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action" and it has been held that the allowance of such a motion to amend is in the discretion of the court.

The defendants have not argued the denial of their requests for rulings presumably because they have become moot by the allowance of the amendment.

*Order dismissing report affirmed.*