Irwin Dale SPARKS, Appellant,

v.

LEAD BELT BEER COMPANY, a Corporation, Respondent.

No. 48049.

Supreme Court of Missouri,

Division No. 2.

July 11, 1960.

Edmund W. Albright, William L. Mason, Jr., St. Louis, for appellant.

Robert A. McIlrath, Flat River, for respondent.

EAGER, Judge.

Plaintiff has appealed from an order dismissing his case. The petition alleged: that plaintiff was the owner of a certain building in Desloge, Missouri; that defendant was engaged in the distribution of beer; that plaintiff had "rented" the building for the storage of beer on a month to month basis; that defendant negligently loaded the floors with a grossly excessive number of cases of beer, far exceeding the structural ability of the building; that defendant failed to exercise ordinary care to "provide for the excessive weight," and that as a result of this excessive weight the internal parts of the building collapsed and plaintiff had to tear it down; all to plaintiff's

damage in the sum of $10,000, for which he prayed judgment. Defendant filed an "Answer" which consisted of a prayer that the petition be dismissed because it "does not state a cause of action against the defendant herein upon which relief can be granted." Within approximately three weeks after this pleading was filed, and on July 3, 1959, the court entered the following order: "Now at this day defendant's motion to dismiss taken up, considered and by the Court sustained, and it is ordered that cause is hereby dismissed at plaintiff's costs." On July 9, 1959, plaintiff filed a motion for rehearing, but on the same day and without any ruling on the motion, he filed his notice of appeal to the St. Louis Court of Appeals; that court has transferred the case here. It may be that the appeal was prematurely taken, but Rule 3.24(b) [1] provides that in such event the notice shall be considered as filed immediately after the time the judgment becomes final.

Although the question of lack of notice of the hearing was raised in the motion for rehearing, plaintiff addresses himself here only to the merits. We shall consider the case in that light. Defendant's counsel has not filed a brief. This has not been helpful to the court, for we are not even advised of the theory upon which the cause was dismissed.

Plaintiff says that this petition states a cause of action for waste, citing 93 C.J.S. Waste §§ 1, 7; Miller v. Bowen Coal & Mining Co., Mo.App., 40 S.W.2d 485; and Proffitt v. Henderson, 29 Mo. 325. These two cases are not specifically helpful. We have statutes on waste, but they are restricted to tenancies for life or years. Sec. 537.420 to Sec. 537.520 RSMo 1949, V.A. M.S. (All statutory references will be to this revision.) In Boefer v. Sheridan, 42 Mo.App. 226, it was held that every tenant is liable for voluntary or commissive waste, regardless of the duration of his term, as distinguished from permissive or inactive waste. The early system of pleading at common law was rather technical on this subject (Chalmers v. Smith, 152 Mass. 561, 26 N.E. 95, 11 L.R.A. 769), but we have no further requirement than the pleading of "a short and plain statement of the facts showing that the pleader is entitled to relief, * * *." Section 509.050.

There is an obligation upon a tenant, resulting from the relationship of landlord and tenant, to refrain from injury to the demised premises by his negligence or willful misconduct; and if, by his negligence or misfeasance, the premises are materially injured, he is liable in damages. 32 Am.Jur., Landlord and Tenant, § 779, p. 665. In United States v. Bostwick, 94 U.S. 53, loc. cit. 65–66, 68, 24 L.Ed. 65, the court said; "But in every lease there is, unless excluded by the operation of some express covenant or agreement, an implied obligation on the part of the lessee to so use the property as not unnecessarily to injure it, or, as it is stated by Mr. Comyn, 'to treat the premises demised in such manner that no injury be done to the inheritance, but that the estate may revert to the lessor undeteriorated by the wilful or negligent conduct of the lessee.' Com. Land. & Ten. 188. This implied obligation is part of the contract itself, as much so as if incorporated into it by express language. It results from the relation of landlord and tenant between the parties which the contract creates. Holford v. Dunnett, 7 M. & W. 352. It is not a covenant to repair generally, but to so use the property as to avoid the necessity for repairs, as far as possible. Horsefall v. Mather, 7 Holt, 9; Brown v. Crump, 1 Marsh. 569. * * * It is in effect a covenant against voluntary waste, and nothing more." See, also, Powell v. Dayton, S. & G. R. R. Co., 16 Or. 33, 16 P. 863, 864; Campbell v. W. M. Ritter Lumber Co., 140 Ky. 312, 131 S.W. 20, 22; Kleinman v. Banner Laundry Co., 150 Minn. 515, 186 N.W. 123, 23 A.L.R. 479; Keogh v. Peck, 316 Ill. 318, 147 N.E. 266, 38 A.L.R. 1151;

1. Now Civil Rule 82.05(b), V.A.M.R.

and the early Missouri case of Mason & Farley v. Stiles, 21 Mo. 374, 64 Am.Dec. 242.

In Chalmers v. Smith, 152 Mass. 561, 26 N.E. 95, 11 L.R.A. 769, it was alleged and found by the jury that the defendant had excessively loaded the floors and structure of a rented barn, and that it was thereby substantially damaged. In upholding a judgment for plaintiffs the court there said, loc. cit. 96: "The jury have found that the defendants unreasonably used the plaintiff's barn by putting into it a weight which was apparently and in fact excessive. This was something more than a mere omission, which would constitute permissive waste. It was a positive unreasonable act, of a kind likely to cause injury to the plaintiff's property. Such an act which results in damage is voluntary waste on the part of a tenant who is guilty of it. A tenant at will who commits voluntary waste is liable to his landlord in an action of trespass *quare clausum*. His act terminates his right as a tenant, and entitles the landlord to treat him as a trespasser in doing it. Starr v. Jackson, 11 Mass. 519; Lienow v. Ritchie, 8 Pick. 235; Daniels v. Pond, 21 Pick. 367; Lothrop v. Thayer, 138 Mass. 473. A tenant at will, as well as a tenant for life or for years, is under an implied agreement to use the premises in a tenant-like manner, and not by his voluntary act unnecessarily to injure them. While this agreement does not include an obligation on the part of a tenant at will to repair defects resulting from the action of the elements, or from a reasonable use of the premises, or from an unavoidable accident, it creates a liability in an action on contract for a wrongful act in violation of it. 1 Add.Cont. (8th Ed.) 383; Holford v. Dunnett, 7 Mees. & W. 348; U. S. v. Bostwick, 94 U.S. 53, 66." It appears also to be established that a tenant is liable in damages for injury or destruction of a building by fire, when the fire is negligently caused. 32 Am.Jur. Landlord & Tenant, § 783, p. 669. See, also, United States v. Bostwick, supra; Dorr v. Harkness, 49 N.J.L. 571, 10 A. 400; Link v. Hathway, 143 Mo.App. 502, 127 S.W. 913, 916; Standard Brands, Inc. v. Bateman, 340 U.S. 942, 71 S.Ct. 505, 95 L.Ed. 679; 8 Cir., 184 F.2d 1002. And compare § 441.010, affording a tenant a measure of exemption for destruction by fire except for negligence, procurement, etc. We have already seen that as to a tenant's liability for voluntary waste, the duration of his term is immaterial. Boefer v. Sheridan, 42 Mo.App. 226.

We hold that the present petition, considering reasonable inferences from the facts alleged, does state facts showing that plaintiff was entitled to relief. We infer that the "renting" from month to month was to the defendant; if not, defendant would have been a trespasser. Whether plaintiff can prove his allegations is a wholly different proposition. It is not necessary at this stage for us to classify this action specifically as between tort and contract. The suit was brought within five years after the damage was sustained, § 516.120 and § 516.100, and in either event there would seem to be no bar by limitations. Plaintiff may determine to amend his petition, and therein he may consider, if curious and so inclined, the following: Boefer v. Sheridan, supra; Chalmers v. Smith, supra; Files v. Magoon, 41 Me. 104; Thompson v. Granite Bituminous Paving Co., 199 Mo.App. 356, 203 S.W. 496; Campbell v. W. M. Ritter Lumber Co., supra.

We hold that the court erred in sustaining the so-called motion to dismiss and in dismissing the cause. The judgment is reversed and the cause is remanded for further proceedings.

LEEDY, P. J., STORCKMAN, J., and BROADDUS, Special Judge, concur.