# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

ADOPTION OF A MINOR.   March 23, 1962.   Decree affirmed.   This is a petition for adoption.   The respondent father of the child appeals from a decree of the Probate Court granting adoption by the petitioner and his wife, whose deceased sister was the mother of the child, and from the denial of his motion, filed more than eight months after the filing of the petition for adoption, to withdraw his consent to the petition.   The judge made a report of material facts.   The evidence is reported.   We have accordingly applied the rule of review stated in *Osborne* v. *Craig,* 251 Mass. 169, 172.   See *Goldman, petitioner,* 331 Mass. 647, 652.   We find no reason to disturb the decision of the judge.   The welfare of the child was given paramount consideration.   There was compliance with G. L. c. 210, § 5B.

*Maurice H. Kramer* for the respondent.
*Raymond F. Barrett* for the petitioners.

A. STEPHEN PIERCE *vs.* LEOPOLD MORSE MANUFACTURING Co.   March 28, 1962.   Exceptions overruled.   The evidence warranted the finding that the plaintiff, a broker, having procured for the defendant buyer a contract with a seller for the purchase of cashmere, had earned his commission. The defendant's request No. 11 for a ruling to the contrary was properly denied.   Request No. 7, based on the contention that there was no evidence that the seller was ready, willing, and able to sell on the defendant's terms, was rightly denied since the defendant, having already contracted with the seller, cannot now protest that he is unacceptable.   *Whitkin* v. *Markarian,* 238 Mass. 334, 336–337.   *Spence* v. *Lawrence,* 337 Mass. 355, 359. Of the remaining requests, Nos. 8 and 15 were for findings of fact (*Larson* v. *Jeffrey-Nichols Motor Co.* 279 Mass. 362, 368) and Nos. 2, 3, 4, 5, 6, 16, 17, and 20 were not material.   The latter related to noncompliance by the seller with certain conditions of the contract of sale, but it does not appear that the plaintiff's right to compensation depended upon the consummation of the sale.   See *Frankina* v. *Salpietro,* 269 Mass. 292, 294–295; *Alphen* v. *Bryant's Mkt. Inc.* 329 Mass. 540, 542, and cases cited. There was no abuse of discretion in the denial of the motion for a new trial (*DeLuca* v. *Boston Elev. Ry.* 312 Mass. 495, 497–498; *Sharpe, petitioner,* 322 Mass. 441, 444–445) or in the allowance of the plaintiff's motion to amend his declaration to conform to the evidence.   *Pizer* v. *Hunt,* 250 Mass. 498, 504–505.   *Janevesian* v. *Esa,* 274 Mass. 231, 232. *Duquenoy* v. *Dorgan,* 341 Mass. 28, 30.

*Albert R. Mezoff* for the defendant.
*Morris Michelson* for the plaintiff.