*Southern District*

**FLORENCE O. WINSLOW**

**v.**

**SALVO & IMBRIGLIO CONSTRUCTION CO., INC.**

*Present*: Nash, C. J., Cox & Lee, JJ.

Case tried to *Horrocks, J.* in the Third District Court of Bristol. No. 9355.

*Cox, J.* The principal question of law presented in the report of this case is whether the defendant as a tenant at will is liable to his landlord, the plaintiff, for waste committed by vandals.

 "A tenant at will as well as a tenant for life or for years is under an implied agreement to use the premises in a tenant-like manner, and not by his voluntary act unnecessarily to injure them. While this agreement does not include an obligation on the part of a tenant at will to repair defects resulting from the action of the elements, or from a reasonable use of the premises, or from an unavoidable accident, it creates a liability in an action of contract for a wrongful act in violation of it." *Chalmers v. Smith,* 152 Mass. 561, 564.

 While a tenant at will is liable for voluntary waste he is not liable for permissive waste. *Means v. Cotton,* 225 Mass. 313, 319. In *Means v. Cotton* the trial judge found that the damage to the premises was not caused by the acts of the tenant at will and

that the tenant was not responsible. It was held that finding as he did, the trial judge could not have ruled as requested by the landlord that the landlord was entitled to recover on the count for waste. On the strength of that authority it follows, in the case at bar, that the damages to the premises having been found by the judge to have been caused by vandals and not by the tenant, or by persons under the tenants control, the judge should not have ruled that the tenant was liable for waste. It was reversible error to do so. The point involved was recently considered in the case of *Gacek v. Tierney,* decided by the Appellate Division, Northern District No. 5840 (Lowell District Court No. 3000 of 1962).

The damage to the premises caused by vandals was found by the judge to be $682.00. The judge also found that a supporting pole 6″ x 6″ on the east side of the garage had been damaged by the defendant's agents and found the damage to be voluntary waste for which he held the defendant responsible in the sum of $78.00. A photograph of the damaged pole was before us and the finding, in our opinion, was permissible. The evidence, particularly the photograph, warranted a finding of improper use or abuse of the premises by the defendant's representatives during its tenancy of the garage which was used for the storage of very heavy trucks. This finding was made on the count for waste and not on the count for negligence. *Delano v. Smith,*

206 Mass. 365, 370; *Thayer v. Shorey,* 287 Mass. 76, 81.

The finding of $760.00 for the plaintiff should be modified. The plaintiff should have judgment for $78.00.

George H. Young, for the Plaintiff.

Charles R. Desmarais & William H. Carey, both of New Bedford, for the Defendant.