CHARLES N. BECH & another[1] *vs.* LUZ CUEVAS.

Hampden. November 7, 1988. — March 9, 1989.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Landlord and Tenant*, Termination of tenancy, Eviction, Waste. *Summary Process*, Notice to quit.

A landlord is required to serve a termination notice in accordance with the requirements of G. L. c. 186, § 12, prior to commencing a summary process action for possession pursuant to G. L. c. 239, upon a residential tenant at will, even where that tenant is alleged to have committed voluntary waste. [250-255]

SUMMARY PROCESS. Writ in the Hampden County Division of the Housing Court Department dated November 2, 1987.

The case was heard by *William H. Abrashkin*, J., on a motion to dismiss, and a question of law was reported by him to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

*Christopher Nolan* for the plaintiffs.

*J. Paterson Rae (Bernard Cohen* with him) for the defendant.

*Charles Harak & Richard M. W. Bauer*, for Massachusetts Tenant Organization and another, amici curiae, submitted a brief.

O'CONNOR, J. The plaintiffs (owners) own a building in Springfield in which the defendant (tenant) resides as a tenant at will. On October 22, 1987, the owners caused the tenant to be served a letter which purported to terminate her tenancy. The letter ordered the tenant "to quit and deliver up" her apartment by October 24, 1987, and warned that, if she failed to vacate by the deadline, the owners would begin eviction proceedings. The letter stated that the tenancy was terminated

---

[1] Betty Jean Bech.

because the tenant had committed voluntary waste, and it listed various damage to the premises that the tenant and her family had allegedly caused.

The tenant did not vacate the premises, and on October 26, the owners caused a summons and complaint for summary process eviction to be served on her. The tenant filed a timely answer and moved to dismiss the complaint on the ground that the notice of October 22, purporting to terminate her tenancy, was insufficient and her tenancy had not otherwise terminated. General Laws c. 186, § 12 (1986 ed.), states in relevant part: "Estates at will may be determined by either party by three months' notice in writing for that purpose given to the other party; and, if the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it is equal to the interval between the days of payment or thirty days, whichever is longer. . . ." In support of her motion to dismiss, the tenant argued that § 12 required that the owners give her a full rental period notice before terminating her tenancy and commencing an action to evict her. The judge dismissed the complaint and reported the following question to the Appeals Court, pursuant to G. L. c. 231, § 111 (1986 ed.), and Mass. R. Civ. P. 64, 365 Mass. 831 (1974): "Is a statutory notice to quit pursuant to G. L. c. 186, sec. 12 required to terminate a residential tenancy at-will prior to the commencement of a summary process action under G. L. c. 239 where the action is predicated upon allegations of voluntary waste committed by the tenant?" We granted the owners' application for direct appellate review. We answer the reported question, "Yes."

General Laws c. 239, § 1 (1986 ed.), provides in relevant part that, "if the lessee of land or tenements or a person holding under him holds possession without right after the determination of a lease by its own limitation or by notice to quit or otherwise . . . the person entitled to the land or tenements may recover possession thereof under this chapter. . . ." The owners rely on a series of Nineteenth Century cases which, they argue, establish a common law principle that a tenancy at will is immediately terminated by the tenant's commission of volun-

tary waste, at least at the landlord's election. The result would be that once the eviction notice was served on October 22, the tenant was "hold[ing] possession without right," within the meaning of c. 239, § 1. The owners argue that, because a landlord is entitled to treat the commission of voluntary waste as a termination of the tenancy, he need not terminate the tenancy by a notice complying with G. L. c. 186, § 12, before bringing a summary process action for possession under G. L. c. 239. The owners emphasize the rule that "[a] statute is not to be interpreted as effecting a material change in or a repeal of the common law unless the intent to do so is clearly expressed." *Riley* v. *Davison Constr. Co.*, 381 Mass. 432, 438 (1980), quoting *Pineo* v. *White*, 320 Mass. 487, 491 (1946). We reject the owners' argument because we conclude that its premise, that under the common law of Massachusetts a tenancy at will is terminated by law at an owner's election when the tenant commits voluntary waste, is not correct.

None of the cases the owners cite establishes that voluntary waste terminates a tenancy as a matter of law for the purpose of allowing a landlord to commence eviction proceedings against a tenant. At most, those cases stand for the proposition that, where a tenant at will had committed waste, this court was at one time willing to treat a landlord as having sufficient possessory interest in the demised premises to allow him to sue for damages. Thus, for example, the court in *Daniels* v. *Pond*, 21 Pick. 367 (1838), noted the "well settled rule, that if a tenant at will commits waste, it is a determination of the will and an act of trespass and that *quare clausum fregit* will lie by the reversioner." *Id.* at 371. Similarly, in *Chalmers* v. *Smith*, 152 Mass. 561 (1891), the court stated that "[a] tenant at will who commits voluntary waste is liable to his landlord in an action of trespass *quare clausum*. His act terminates his right as a tenant, and entitles the landlord to treat him as a trespasser in doing it." *Id.* at 564.

*Daniels* and *Chalmers* were concerned with identifying the proper common law form of action in a suit for damages by a landlord against a tenant at will in possession. A plaintiff in an action of trespass quare clausum for an injury to real property

was required to prove that he had actual possession of the property, or else face dismissal of the suit. *French* v. *Fuller*, 23 Pick. 104, 106 (1839). Therefore, in light of the era's technical and strict rules of pleading, the court indulged the fiction that the landlord was sufficiently "in possession" as against a tenant who had committed voluntary waste to be entitled to sue for damages. *Daniels* and *Chalmers* went no further, and even as to that procedural question those cases no longer have vitality in view of this court's much later holding in *Duquenoy* v. *Dorgan*, 341 Mass. 28 (1960). In that case, tenants at will had committed voluntary waste and the owners sued for damages. The court held that trespass quare clausum was *not* the proper form of action, as the tenants "were rightfully in possession of the premises." The court effectively overruled *Daniels* and *Chalmers*.

The owners cite two other Nineteenth Century cases for the proposition that waste terminates a tenancy by law, and that therefore a landlord is not required to provide statutory notice. In *Howard* v. *Merriam*, 5 Cush. 563, 573 (1851), this court faced the question whether the sale of premises terminated a tenancy at will by operation of law, so that the new owner could gain possession without providing statutory notice. The court held that, "if the lessor at will does in fact alienate, it is clear, that by operation of law the tenancy is at an end." *Id.* at 574. As a result, statutory notice was not required.[2] *Id.* at 575. In dicta, the court stated that "waste by the tenant" was another mode by which, at English common law, the "precarious" relationship of tenancy at will was terminated by operation of law. *Id.* at 572. In *Appleton* v. *Ames*, 150 Mass. 34 (1889), this court held that a tenant-at-will's denial of his landlord's title allowed the landlord to evict him without providing statutory notice. Once again, in dicta, we noted that there were "many acts which a lessor or lessee may do which indirectly will, or may at the election of the other party, operate

---

[2] Statute 1973, c. 416, added a sentence to G. L. c. 186, § 13, providing that "[a] tenancy at will of property occupied for dwelling purposes shall not be terminated by operation of law by the conveyance, transfer or leasing of the premises by the owner or landlord thereof."

to determine the lease. Thus, by a conveyance, or by a written lease to a third party by the lessor, the estate of the lessee is terminated. . . . Upon the commission of waste by the lessee at will, the lessor may enter and determine the estate." *Id.* at 44, citing *Daniels* v. *Pond, supra.* However, we are "not . . . bound to adhere to language which was unnecessary to . . . earlier decisions . . . and which passed upon an issue not really presented" therein. *Old Colony Trust Co.* v. *Commissioner of Corps. & Taxation,* 346 Mass. 667, 676 (1964). As Chief Justice Shaw put it in *Howard* v. *Merriam, supra* at 580, "the remark must be understood with reference to the case." Moreover, the statement in *Ames* rests on *Daniels* v. *Pond,* which, as we have indicated, was effectively overruled by *Duquenoy* v. *Dorgan, supra.*

An examination of our statutes leads to the conclusion that the Legislature did not intend an eviction for the commission of voluntary waste to be exempt from the G. L. c. 186, § 12, statutory notice requirement.[3] A clear indication of legislative intent may be found in G. L. c. 186, § 17. That section establishes that occupancy within a licensed "rooming house or lodging house . . . for three consecutive months shall constitute a tenancy at will; provided, however, that if the rent for occupancy in such premises is payable either daily or weekly, seven days written notice to the occupant shall be sufficient to terminate the tenancy where the tenant . . . is causing . . . or is creating substantial damage to the rental unit." It is extremely unlikely that the Legislature intended that an occupant of a lodging house who pays daily or weekly rent should be entitled to a longer notice period before an eviction proceeding can be commenced against him than is a tenant who pays rent on a bi-weekly or monthly basis. Rather,

---

[3] The owners argue that the language of G. L. c. 186, § 13, indicates that a tenancy at will may still be terminated by operation of law as an alternative to termination by notice as provided in § 12, and that, where such a termination by law is due to the fault of the tenant, the landlord need not wait the statutory period before bringing an action to recover possession. We do not dispute this reading of § 13. However, we conclude· that the commission of voluntary waste is not one of the ways in which a tenancy at will terminates by operation of law.

G. L. c. 186, § 17, appears to create an exception to the usual rule that a tenant at will should receive rental period or thirty days' notice, whichever is longer, as required by G. L. c. 186, § 12, if his landlord desires to evict him for committing waste.

Furthermore, if the Legislature had intended that a tenant's commission of waste should operate to terminate the tenancy immediately, or immediately at the landlord's election, it could, and we think would, have said so explicitly. See, e.g., G. L. c. 139, § 19 (1986 ed.), which allows a landlord to treat a tenancy as void and to bring an action for summary process or "without process of law, make immediate entry upon the premises," if the tenant uses the premises for purposes of prostitution, assignation, lewdness, illegal gaming, or in violation of the alcoholic beverage licensing laws or the laws pertaining to controlled substances.

The owners emphasize a landlord's right to protect his property from destruction, and note the decline in the quality of housing that results when tenants commit waste. But, that is primarily a matter for the Legislature, not the courts, to consider. The judicial function is to construe G. L. c. 186, § 12. Also, as the motion judge indicated in his thorough and well-reasoned memorandum, dispensing with the statutory notice procedure is not necessarily the most appropriate solution to the problem. Waste may consist of a single act or a course of harmful conduct which has ended. The judge's memorandum indicates that that is the situation in this case. In such cases, expediting the tenant's eviction may accomplish nothing with respect to preservation of the housing stock. Moreover, since a significant amount of time necessarily elapses between the filing of a summary process complaint and a judgment of eviction, elimination of the notice period would not effectively eliminate ongoing damage. The Legislature could well have concluded that injunctive relief against unreasonable and destructive conduct, tailored to the circumstances of each case and backed by the court's contempt powers, is the most appropriate and effective waste preventive. In fact, the owners in this case have obtained a preliminary injunction prohibiting the tenant and her family from damaging the premises. We also

note that a landlord has the option of seeking a criminal complaint for the malicious destruction of property under G. L. c. 266, § 127 (1986 ed.).

We conclude that the law of the Commonwealth requires a landlord to serve a termination notice in conformity with the requirements of G. L. c. 186, § 12, prior to commencing a summary process action for possession pursuant to G. L. c. 239, upon a residential tenant at will, even where that tenant is alleged to have committed voluntary waste. Accordingly, we answer the reported question, "Yes."